**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

JAMIE L.,[1]                                              **3:20-cv-02186-BR**

              Plaintiff,                              **OPINION AND ORDER**

**v.**

**Commissioner, Social
Security Administration,**

              **Defendant.**

**SARA L. GABIN**
14523 Westlake Drive
Lake Oswego, OR 97035-8651
(503) 620-3171

              Attorney for Plaintiff

**SCOTT ASPAUGH**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

        [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1 - OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

          Attorneys for Defendant

**BROWN, Senior Judge.**

     Plaintiff Jamie L. seeks judicial review of a final decision
of the Commissioner of the Social Security Administration (SSA)
in which she denied Plaintiff's application for Disability
Insurance Benefits (DIB) under Title II of the Social Security
Act.  This Court has jurisdiction to review the Commissioner's
final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **REVERSES** the
Commissioner's decision and **REMANDS** this matter pursuant to
sentence four of 42 U.S.C. § 405(g) for further proceedings.


                    **ADMINISTRATIVE HISTORY**

     Plaintiff filed an application for DIB on April 30, 2018,
alleging a disability onset date of April 10, 2017.  Tr. 163-64.[1]
The application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on June 11, 2020.

_____

     [1] Citations to the official transcript of record filed by
the Commissioner on June 22, 2021, are referred to as "Tr."

2 - OPINION AND ORDER

Tr. 34-66.  Plaintiff was represented at the hearing.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on July 14, 2020, in which she found Plaintiff was not disabled and, therefore, is not entitled to benefits.  Tr. 18-28.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on December 1, 2020, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on October 7, 1959, and was 60 years old at the time of the hearing.  Tr. 168.  Plaintiff graduated from high school.  Tr. 44.  Plaintiff has past relevant work experience as a receptionist and administrative clerk.  Tr. 59.

Plaintiff alleges disability due to fibromyalgia, anxiety, degenerative disc disease in her neck and lumbar spine, chondromalacia of the left patella, and "breast cancer stage 1 invasive ductal carcinoma."  Tr. 69.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21, 25-27.

3 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v.*

5 - OPINION AND ORDER

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work the claimant has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity after her April 10, 2017, alleged onset date. Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity, fibromyalgia, "status post treatment for

ductal carcinoma," and "right carpal tunnel syndrome status post release surgery."  Tr. 20.  The ALJ found Plaintiff's obstructive sleep apnea, ulcerative colitis, osteoarthritis, depression, and anxiety are not severe.  Tr. 20-21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 23.  The ALJ found Plaintiff has the RFC to perform sedentary work with the following limitations:

> [Plaintiff can] frequently climb ramps and stairs but never ladders, ropes, and scaffolds; she can occasionally balance; frequently stoop, crawl, and crouch; she can frequently finger and handle with the right upper extremity, frequently reach with the right upper extremity in all planes and directions; and she should avoid concentrated exposure to extreme hot and cold, wetness, humidity, fumes, gases, dust, odors, other pulmonary irritants, and hazards.

Tr. 24.

At Step Four the ALJ found Plaintiff can perform her past relevant work as a receptionist.  Tr. 28.  Accordingly, the ALJ concluded Plaintiff is not disabled.  *Id*.


**<u>DISCUSSION</u>**

Plaintiff contends the ALJ erred when she (1) failed to find at Step Two that Plaintiff's anxiety, depression, and cervical disc disease are severe impairments; (2) partially rejected Plaintiff's testimony; and (3) partially rejected the opinions of

8 - OPINION AND ORDER

Gregory Cole, Ph.D., examining psychologist, and Carrie
Schreibman, NP, treating nurse practitioner.

## I.    **Step Two**

Plaintiff alleges the ALJ erred at Step Two when she failed
to find Plaintiff's cervical disc disease, anxiety, and
depression and are severe impairments.

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments. *Stout v. Comm'r Soc.
Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20
C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.,*
648 F.3d 721, 724 (9th Cir. 2011). A severe impairment
"significantly limits" a claimant's "physical or mental ability
to do basic work activities." 20 C.F.R. §§ 416.921(a), (b).
Such abilities and aptitudes include walking, standing, sitting,
lifting, pushing, pulling, reaching, carrying, handling, seeing,
hearing, and speaking; understanding, carrying out, and
remembering simple instructions; using judgment; responding
appropriately to supervisors, co-workers, and usual work
situations; and dealing with changes in a routine work setting.
*Id.*

To be included at Step Two the record evidence concerning an
impairment must include "signs - the results of medically
acceptable clinical diagnostic techniques, such as tests - as

well as symptoms, *i.e.*, [the claimant's] representations regarding [his] impairment." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005)(quotation omitted).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two if the ALJ properly considers the omitted condition later in the sequential analysis. *Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

   A.   **Cervical Disc Disease**

Plaintiff asserts the ALJ erred when she failed to find Plaintiff's cervical disc disease is a severe impairment because Plaintiff's "pain is such that a cervical epidural steroid injection at C5-6 provided only short term relief."  Pl.'s Br. at 14.  The ALJ, however, noted a September 17, 2018, MRI of Plaintiff's cervical spine indicated C2-3 is "normal," mild disc bulges at C3-4 and C4-5, "a mild disc osteophyte complex" at C5-6, and "minimal disc bulge" at C7-T1.  Tr. 762.  In addition, Plaintiff does not identify any limitations resulting from her cervical disc disease that are not accounted for in the ALJ's assessment of Plaintiff's RFC.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)(finding harmless error when the ALJ did

not find an impairment to be "severe" at Step Two, but included limitations stemming from the impairment in his assessment of the plaintiff's RFC).  *See also Garcia v. Comm'r*, 587 F. App'x 367, 370 (9th Cir. 2014)(finding the ALJ's failure to identify the plaintiff's depression as "severe" was harmless error because "the ALJ proceeded through the entire sequential analysis," and considered the plaintiff's "mental health records in assessing her residual functional capacity".).

The Court, therefore, concludes on this record that the ALJ did not err when she failed to find at Step Two that Plaintiff's cervical disc disease is a severe impairment.

**B.   Anxiety and Depression**

Plaintiff asserts the ALJ erred when she failed to find Plaintiff's anxiety and depression are severe impairments.  The ALJ noted Dr. Cole conducted a psychodiagnostic evaluation of Plaintiff in December 2018 in which he found Plaintiff has "mild problems in the areas of attention and concentration."  Tr. 624. Dr. Cole noted Plaintiff "was able to sustain simple tasks, and no problems completing a simple multiple-step task were observed."  *Id.*  Dr. Cole concluded "if [Plaintiff] pursues a vocational placement in the near future, then it is presumed that her problems managing pain and level of anxiety would be the primary factors which would impact her overall level of vocational success."  *Id.*  Plaintiff has not established her

anxiety and/or depression "significantly limit[]" her "physical
or mental ability to do basic work activities."

The Court, therefore, concludes on this record that the
ALJ did not err when she failed to find at Step Two that
Plaintiff's anxiety and depression are severe impairments.

## II.  **Plaintiff's Testimony.**

Plaintiff alleges the ALJ erred when she partially rejected
Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two
requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence
of an impairment or impairments, and she must show the impairment
or combination of impairments could reasonably be expected to
produce some degree of symptom.  *Cotton*, 799 F.2d 1403 (9th Cir.
1986).  The claimant, however, need not produce objective medical
evidence of the actual symptoms or their severity.  *Smolen*, 80
F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if he provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id.*  The ALJ must identify "what

testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified at the hearing that she stopped working due to severe pain, fatigue, and "cognitive issues" that she suffered as a result of fibromyalgia. Tr. 45. Plaintiff stated she cannot work full time because she is not able to sit or to stand "for long periods" and she has severe pain in her neck that becomes more acute "throughout the day" making it difficult for Plaintiff to concentrate. *Id*. Plaintiff testified she reads, does "very little" housework, occasionally makes meals, grocery shops online, does dishes, does laundry, and does "very little" gardening. Tr. 46-47. Plaintiff noted she visits with friends and plays cards once every other month and flew to visit her daughter in Colorado once and her son in Kansas once since 2017. In 2018 Plaintiff flew to California and drove back to Oregon with her mother. Plaintiff would stop driving every 60 or 90 minutes, "get out [of the car,] and walk around and take a break." Tr. 51. Plaintiff stated because of her fibromyalgia she has "constant pain in [her] neck[,] . . . shoulders . . . [and] legs." Tr. 52.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not

entirely consistent with the medical evidence and other evidence
in the record." Tr. 19.  The ALJ noted Plaintiff experienced an
increase in her fibromyalgia symptoms after she underwent
treatment for breast cancer in late 2017, but she had "some
improvement in energy following chemotherapy." Tr. 26.  The ALJ
also asserted Plaintiff's activities of daily living and the fact
that she was able to travel undermine her credibility as to the
severity of her symptoms.  The record, however, reflects
Plaintiff's pain and muscle spasms from fibromyalgia increased
significantly in 2017 and remained at a high level.  Plaintiff
consistently reported pain levels of six or seven out of ten in
2018, 2019, and 2020, and underwent monthly trigger point
injections to attempt to alleviate her pain.  *See, e.g.,* 304,
307, 311, 316, 318, 322, 324, 326, 328, 331, 333-34, 340, 343,
605-06, 608, 610-11, 613, 766, 768, 1058, 1066, 1077, 1092, 1109,
1118, 1130, 1138, 1152, 1160, 1168, 1177, 1188, 1196, 1207, 1216,
1227, 1235-36.  On examination Plaintiff had reduced range of
motion, diffuse tenderness to palpation in her paraspinal region,
and decreased reflexes.  Tr. 1276.  In addition, Plaintiff's
activities of daily living are limited by pain and fatigue.  *See,
e.g.,* Tr. 45, 53-4, 57, 192, 211-14, 216-17, 236-39, 241-42,
1246.

　　　The Court concludes on this record that the ALJ erred when
she partially rejected Plaintiff's testimony regarding the

14 - OPINION AND ORDER

intensity, persistence, and limiting effects of her symptoms because the ALJ did not provide clear and convincing reasons supported by substantial evidence in the record for doing so.

**III. Opinions of Dr. Cole and NP Schreibman.**

Plaintiff asserts the ALJ erred when she partially rejected the opinions of Dr. Cole and NP Schreibman.

"Because plaintiff filed her application[] after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence." *Christopher W. v. Comm'r*, No. 6:20-CV-01632-JR, 2021 WL 4635801, at *6 (D. Or. Oct. 7, 2021). "Under the [new] regulations, an ALJ 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by . . . agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence." 20 C.F.R. § 404.1513(a)(5). In addition, the new regulations rescinded SSR 06-03p in which the SSA "explained how [it] considers opinions and other evidence from sources who are not acceptable medical sources . . . . The [new] rules revised [this] polic[y] . . . . For example, in claims filed on or after March 27, 2017,

the final rules state that all medical sources, not just
acceptable medical sources, can make evidence that [it]
categorize[s] and consider[s] as medical opinions."  Rescission
of Soc. Sec. Rulings 96-2p, 96-5p, & 06-3p, SSR 96-2P 2017 WL
3928298, at *1 (S.S.A. Mar. 27, 2017).

        "The ALJ must articulate and explain the persuasiveness of a
[medical] opinion or prior finding based on 'supportability' and
'consistency,' the two most important factors in the evaluation.
*Christopher W.*, 2021 WL 4635801, at *6 (quoting 20 C.F.R.
§§ 404.1520c(a), (b)(1)-(2)).  "The 'more relevant the objective
medical evidence and supporting explanations presented' and the
'more consistent' with evidence from other sources, the more
persuasive a medical opinion or prior finding."  *Id.* (quoting 20
C.F.R. § 404.1520c(c)(1)-(2)).

> The ALJ may, however, is not required, to explain
> how other factors were considered including the
> relationship with the claimant (length, purpose,
> and extent of treatment relationship; frequency of
> examination); whether there is an examining
> relationship; specialization; and other factors,
> such as familiarity with other evidence in the
> claim file or understanding of the Social Security
> disability program's policies and evidentiary
> requirements.

*Id.* (quoting 20 C.F.R. §§ 404.1520c(b)(2), (c)(3)-(5)).  *But see*
20 C.F.R. § 404.1520c(b)(3)(when an ALJ finds two or more
opinions about the same issue are equally supported and
consistent with the record but not exactly the same, the ALJ must
articulate how these "other factors" were considered).

16 - OPINION AND ORDER

**A.    Dr. Cole**

As noted, on December 11, 2018, Dr. Cole conducted a psychodiagnostic evaluation of Plaintiff.  Dr. Cole noted Plaintiff's "thought processing and thought content were generally organized, . . . she was noted to be a fair historian[,] . . . [and her] insight and judgment were noted to be fair."  Tr. 622.  Plaintiff was able "to complete a simple multiple-step task with no errors" and to "recall 6 digits forward . . . [and] 5 digits backwards" without "any problems with attention and concentration."  Tr. 622-23.  Plaintiff completed serial sevens with one error although she had "some problems with attention and concentration" in completing the task.  Tr. 623.  Plaintiff provided accurate answers to a number of basic arithmetic questions, could spell simple words backwards, and "exhibited average ability" with her immediate and delayed memory.  *Id*.  Dr. Cole found Plaintiff has "mild problems in the areas of attention and concentration."  Tr. 624.  Dr. Cole stated Plaintiff is "able to sustain simple tasks, and no problems completing a simple multiple-step task were observed." *Id.*  Dr. Cole concluded "if [Plaintiff] pursues a vocational placement in the near future, then it is presumed that her problems managing pain and level of anxiety would be the primary factors which would impact her overall level of vocational success."  *Id*.

The ALJ found Dr. Cole's opinion to be "mostly persuasive."  Tr. 21.  Plaintiff asserts the ALJ failed to give Dr. Cole's opinion its "full legal effect" because although Dr. Cole did not find Plaintiff is able to perform complex tasks, the ALJ concluded Plaintiff can perform her past relevant work, which includes complex tasks.  Dr. Cole, however, did not indicate Plaintiff cannot perform complex tasks, rather he was silent on the issue.  Dr. Cole's opinion, therefore, was not inconsistent with the ALJ's assessment of Plaintiff's RFC or the ALJ's finding at Step Five.

On this record the Court concludes the ALJ did not err when she found Dr. Cole's opinion to be mostly persuasive because the ALJ provided clear and convincing reasons for doing so based on substantial evidence in the record.

**B.   NP Schreibman**

On May 29, 2020, NP Schreibman submitted a statement regarding Plaintiff's physical functional capacity in which she stated she had been Plaintiff's rheumatology-specialty medical provider since 2016.  NP Schreibman noted Plaintiff suffers from chronic pain at a level of six or seven out of ten as well as chronic fatigue.  NP Schreibman stated Plaintiff can occasionally lift and/or carry less than ten pounds, can stand and/or walk at least two hours in an eight-hour workday, can stand and/or walk continuously for 10 minutes, and can sit for at least two hours

in an eight-hour workday.  Tr. 1299-1300.  NP Schreibman noted if
Plaintiff is "on her feet for 30 minutes," she "may need" to
elevate her legs for three or four hours.  Tr. 1299.
NP Schreibman indicated Plaintiff is unable to "stay on task
consistently for 2-hour segments throughout an 8-hour workday
with customary breaks"; to "perform activities within a schedule
while maintaining acceptable attendance and punctuality"; to
"perform simple, repetitive, routine tasks 8 hours a day, 5 days
a week, with customary breaks"; to "understand, remember, and
follow simple instructions and work-like procedures"; and to
"work without special supervision, ask appropriate questions and
receive appropriate criticism" for more "than 20 percent of a
workday or workweek" due to "pain + fatigue."  Tr. 1300-02.  On
May 29, 2020, NP Schreibman also submitted a letter in which she
noted when she diagnosed Plaintiff with fibromyalgia in 2016
Plaintiff's pain and dysfunction were moderate, but NP Schreibman
"would now classify [Plaintiff's] pain as severe and her
dysfunction as moderate."  Tr. 1304.

        The ALJ found NP Schreibman's opinion to be partially
persuasive.  Specifically, the ALJ included in Plaintiff's RFC
the limitations on lifting and carrying noted by NP Schreibman as
well as a limitation to standing and/or walking no more than two
hours in an eight-hour workday.  The ALJ, however, found the
record did not support the portion of NP Schreibman's opinion

that indicated Plaintiff needed to elevate her legs for three or
four hours or NP Schreibman's stated limitations on Plaintiff's
ability to understand, to apply, and to remember information.
The ALJ noted the record did not contain any recommendation by a
medical professional that Plaintiff elevate her legs or any other
indication that Plaintiff needed to elevate her legs regularly.
The record reflects Plaintiff experienced lymphedema briefly, but
Plaintiff's treating oncologist, Rache Larsen, M.D., noted
Plaintiff did not have any ongoing edema.  Tr. 859, 864.  The ALJ
also noted Dr. Cole indicated in his opinion that Plaintiff has
only "mild problems in the areas of attention and concentration,"
is "able to sustain simple tasks, and [has] no problems
completing a simple multiple-step task."  Tr. 624.  In addition,
Plaintiff was able to fly by herself to visit family in Colorado
and Kansas and to drive her mother to Oregon from California.

On this record the Court concludes the ALJ did not err
when she found NP Schreibman's opinion to be partially persuasive
because the ALJ provided clear and convincing reasons for doing
so based on substantial evidence in the record.

## REMAND

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *See, e.g.*, *Brewes v. Comm'r Soc.*

20 - OPINION AND ORDER

*Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012).  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed.  *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *See, e.g.*, *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

Here further administrative proceedings are necessary for the ALJ to formulate an assessment of Plaintiff's RFC that includes Plaintiff's limitations as set out by Plaintiff and to determine whether Plaintiff is disabled.  Accordingly, the Court remands this matter to the Commissioner for further administrative proceedings.

**<u>CONCLUSION</u>**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 21st day of March, 2022.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge

22 - OPINION AND ORDER